UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ABDULHKIM BOROU | CIVIL ACTION NO. 13-3216 |
| A# 077-472-665 | SECTION P |
| VERSUS | JUDGE MINALDI |
| ERIC HOLDER, JR. | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on December 10, 2013, by petitioner Abdulhkim Borou pursuant to 28 U.S.C. §2241. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He is detained at the Federal Detention Center, Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Background*

Petitioner alleges that his mandatory detention under the Immigration and Nationality Act (INA) § 236(c) [8 U.S.C.A. § 1226(c)] is unconstitutional. More specifically, he alleges that § 236(c) is unconstitutional under the excessive bail provision of the Eighth Amendment and the Due Process Clause of the Fifth Amendment because it permits his detention without bail and without a determination that he is a danger to society or a flight risk.

Based on information provided by petitioner, it appears that an immigration judge ordered his detention on August 27, 2013. Doc. 1, p. 2. Petitioner states that he appealed the

decision to the Board of Immigration Appeals (BIA) on August 28, 2013. *Id.* His appeal was denied on November 15, 2013. Doc. 1, att. 2, p. 4.

*Law and Analysis*

The United States Supreme Court has upheld the constitutionality of the mandatory detention provision set forth in § 236(c), noting that detention during deportation proceedings is a constitutionally valid aspect of the removal process. *Demore v. Kim*, 588 U.S. 510, 123 S. Ct. 1708, 155 L.Ed. 2d 724 (2003). As stated in *Demore*, "the statutory provision at issue governs detention of deportable criminal aliens *pending their removal proceedings.* Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 527-28. Emphasis original.

Under the circumstances presented in this case, the undersigned concludes that the mandatory detention provision of INA § 236(c) [8 U.S.C.A. § 1226(c)] is constitutionally applicable to petitioner's current detention. Thus, petitioner's claims are without merit.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

-3-

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 21st day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE